IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TERRENCE E. TAYLOR, <br> LOUISE W. TAYLOR, *and* <br> PHILLIP D. TAYLOR, <br><br> *Plaintiffs*, <br><br> *vs*. <br><br> STRUCTURED ASSET FUNDING, LLC <br> d/b/a 123 LUMP SUM a/k/a 123 LUMP SUM, <br> LLC, BLAZINGSTAR FUNDING, LLC, JAY <br> GEE, LLC, BEXHILL LLC, *et. al.* <br><br> *Defendants*. | Civil Action No. 1:15cv271-TSE-TCB |

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO VACATE PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL**

Defendants Structured Asset Funding, LLC and iSettlements, LLC (collectively, "Defendants"), by counsel, hereby file this memorandum in support of its Motion to Vacate Plaintiffs' Notice of Voluntary Dismissal Without Prejudice, pursuant to Fed. Rule. Civ. Pro. 41(a)(2) [Dkt. No. 88]. As set forth in greater detail below, Plaintiffs' voluntary dismissal at this juncture appears to be an attempt to avoid entry of adverse rulings by this Court, to the prejudice of Defendants. Defendants thus request this Court exercise its discretion and vacate Plaintiffs' Notice, instead entering an Order on Defendants Motion to Dismiss [Dkt. 52.]

Having aggressively litigated this matter for over three months and sought discovery pursuant to this Court's Local Rules, and in the face of this Court entering an order dismissing virtually all of the Plaintiffs' claims with prejudice, Plaintiffs have instead sought to avoid the entry of such an order by filing a notice of voluntary dismissal without prejudice. [Dkt. 88.] Given that Plaintiffs have focused many of their arguments on matters outside the four corners of

1

the Amended Complaint, including an underlying decades-old settlement agreement, advance transfers, structured settlement industry custom, affidavits and other documents executed by Plaintiff Terence Taylor, among other documents, and where the Court relied on many of these documents in making its preliminary rulings at the June 5, 2015 hearing, Plaintiffs have invited this Court to convert Defendants' Motion to Dismiss into a Motion for Summary Judgment. To that end, this Court should do what the Plaintiffs have essentially sought – convert Defendants' Motion to Dismiss into one for Summary Judgment, thereby permitting this Court to condition the Notice of Voluntary Dismissal upon this Court's detailed and well-reasoned rulings at the June 5th hearing. Any other result would allow the Plaintiffs to intentionally file a Notice of Voluntary Dismissal to avoid the entry of a court order, while also wasting this Court's and parties' resources by allowing Plaintiffs to engage in this legal maneuvering.

## I. Background

On June 5, 2015, this Court heard argument on Defendants' Motion to Dismiss. At the conclusion of the hearing, the Court indicated that it would likely dismiss the counts in Plaintiffs' Amended Complaint and invited briefing from the parties on the Court's preliminary rulings.[1] Rather than provide the requested briefing, Plaintiffs' filed a Notice of Voluntary Dismissal Without Prejudice shortly after the hearing. [Dkt. 88.] The Court then entered minutes from the hearing, dismissing Counts I and II of Plaintiffs' Amended Complaint and seeking briefing on the Court's announced position on the remaining counts in the Amended Complaint. [Dkt. 89.]

Because Defendants would be legally prejudiced if this Court is not permitted to rule fully on its Motion to Dismiss, Defendants file this Motion to Vacate Plaintiffs' Notice of Voluntary Dismissal Without Prejudice.

---

[1] Defendants will file an updated version of this Memorandum with citations to the June 5th transcript once it becomes available.

2

## II. Argument

Pursuant to Fed. R. Civ. Pro. 41(a)(1), a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." In the Fourth Circuit, such dismissals are "available as a matter of unconditional right". *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993). However, where a party has served a motion deemed to be a motion for summary judgment, Fed. R. Civ. Pro. 41(a)(2) applies, which states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

### A. Fed. R. Civ. Pro. 41(a)(2) Applies to Plaintiffs' Notice of Voluntary Dismissal

Pursuant to Fed. R. Civ. Pro. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Where a court has accepted and considered materials outside the pleadings with regard to a Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6), the motion to dismiss is converted to a motion for summary judgment. *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991) ("Had the district court accepted and considered the affidavits relevant to the 12(b)(6) motion, the motion to dismiss for failure to state a claim would have been converted to a motion for summary judgment.")

Here, Defendants moved to dismiss each count in Plaintiffs' Amended Complaint under Fed. R. Civ. Pro. 12(b)(6). [Dkt. 53 at 12-25.] Plaintiffs' Amended Complaint refers to documents and affidavits not attached thereto. [Dkt. 43 at ¶ 21; ¶ 28, ¶ 38, *et al*.] As a result, attached to Defendants' Memorandum in support of its Motion to Dismiss were three exhibits: an order from the Circuit Court in the City of Portsmouth approving one of the transactions

3

Plaintiffs seek to overturn [Dkt. 53-1], an affidavit executed by Plaintiff Terrence Taylor in support of the transactions [Dkt. 53-2], and a copy of an assignment agreement executed between Plaintiff Terrence Taylor [Dkt. 53-3.] During the June 5th argument on the Motion to Dismiss, the Court indicated that it had considered the attachments to Defendants' Motion. Conversion of a Motion to Dismiss into a Motion for Summary Judgment "takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude extraneous matters." *Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen, a Div. of Transp. Commc'ns Union v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997). Because the Court did not exclude the "extraneous matter" introduced by Plaintiffs, Defendants' Motion to Dismiss was converted to a Motion for Summary Judgment.

### B. This Court Should Exercise its Discretion and Vacate Plaintiffs' Voluntary Dismissal Without Prejudice.

A court exercises its discretion in ruling upon a request for voluntary dismissal pursuant to Fed. Rule Civ. Pro. 41(a)(2). "Voluntary dismissal under this Rule is favored, and a plaintiff's motion to dismiss pursuant to Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *RMD Concessions, L.L.C. v. Westfield Corp.,* 194 F.R.D. 241, 242 (E.D. Va. 2000) (internal quotations omitted.) A defendant "suffers legal prejudice [] where a voluntary dismissal potentially unravels the effect of an earlier legal ruling … Put another way, [a] plaintiff[] may not use Rule 41(a)(2) to avoid or undo the effect of an unfavorable order or ruling." *Id.*

Here, the Court issued detailed preliminary rulings at the conclusion of the June 5 oral argument on Defendants' Motion to Dismiss. The Court's preliminary rulings indicated that the counts in Plaintiffs' Amended Complaint likely would be dismissed. Indeed, the Court later filed minutes from the hearing, dismissing Counts I and II of the Amended Complaint. [Dkt. 89.]

4

In an attempt to avoid the negative impact of this Court's ruling, Plaintiffs instead seek to withdraw their case without prejudice, to be re-filed in the Circuit Court of Portsmouth, Virginia. Plaintiffs thus merely seek to "avoid or undo the effect of an unfavorable order or ruling." *RMD Concessions*, 194 F.R.D. at 242.

By way of example of the prejudice to which Plaintiffs' Voluntary Dismissal subjects Defendants, Plaintiffs' Amended Complaint contains a count for Breach of Contract against Defendant Structured Asset Funding, LLC ("SAF"). [Dkt. 49 at 29.] SAF moved to dismiss this count because Plaintiffs' Amended Complaint did not identify any contractual duty which had been allegedly breached. [Dkt. 53 at 16-17.] SAF further indicated its intent to seek recovery of attorney's fees should the Court dismiss the count, based on provision 8.7 of the agreement between the parties, stating that:

> In the event of any action at law or in equity between the parties hereto to enforce any of the provisions hereof, the unsuccessful party to such action or litigation shall pay to the successful party all costs and expenses, including, without limitation, actual attorneys' fees expended or incurred in connection therewith by such successful party; and if the successful party shall recover judgment in any such action or proceeding, such costs, expenses and attorneys' fees may be included in and as a part of such judgment.

[Dkt. 53 at n.10; Dkt. 53-3 at 13.] During the June 5 hearing, the Court indicated that this count would be dismissed. Should Plaintiffs be permitted to dismiss their complaint without prejudice, Defendants will not be permitted to seek the attorney's fees to which they are entitled, instead forced to re-litigate the same issue before the Portsmouth court.

Because Plaintiffs seek to "avoid or undo the effect of an unfavorable order or ruling", *RMD Concessions*, 194 F.R.D. at 242, this Court should vacate the Notice of Voluntary Dismissal.

**III. Conclusion**

For the reasons set forth above, Defendant's respectfully move this Court to vacate Plaintiffs' Notice of Voluntary Dismissal.

June 8, 2015                                    Respectfully submitted,

/s/ Brandon H. Elledge
Brandon H. Elledge (VSB# 45349)
brandon.elledge@hklaw.com
Kelly A. Krystyniak (VSB# 82310)
kelly.krystyniak@hklaw.com
HOLLAND & KNIGHT LLP
1600 Tysons Blvd., Suite 700
Tyson's Corner, Virginia 22102
(703) 720-8600
(703) 720-8610 (facsimile)

Cory W. Eichhorn (*pro hac vice*)
HOLLAND & KNIGHT LLP
701 Brickell Ave., Suite 3300
Miami, Florida 33131
(305) 374-8500 (Telephone)
(305) 789-7799 (Facsimile)
Cory.Eichhorn@hklaw.com

*Counsel for Defendants Structured Asset Funding, LLC and iSettlements, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of June, 2015, a true copy of the foregoing was served via the Court's ECF system on:

>Kathleen J.L. Holmes (VSB# 35219)
>Ellen D. Marcus (VSB# 44314)
>HOLMES COSTIN & MARCUS PLLC
>301 N. Fairfax St., Suite 202
>(703) 260-6401(Telephone)
>(703) 439-1897 (facsimile)
>kholmes@hcmlawva.com
>emarcus@hcmalawva.com
>
>*Counsel for Plaintiffs*

>/s/ Kelly A. Krystyniak
>Brandon H. Elledge (VSB# 45349)
>brandon.elledge@hklaw.com
>Kelly A. Krystyniak (VSB# 82310)
>kelly.krystyniak@hklaw.com
>HOLLAND & KNIGHT LLP
>1600 Tysons Blvd., Suite 700
>Tyson's Corner, Virginia 22102
>(703) 720-8600
>(703) 720-8610 (facsimile)